UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 SEP -5 PM 1:51

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Magistrate's Case No. |
| ) | |
| Ervin Allen DUCKETT ) | COMPLAINT FOR VIOLATION |
| ) | OF |
| ) | |
| ) | 18 USC 922 (g)(1) - Felon in |
| ) | Possession of a Firearm |

'08 MJ 2743

The undersigned complainant being duly sworn states:

### COUNT 1

On August 30, 2008, within the Southern District of California, defendant Ervin Allen DUCKETT, having been convicted of a crime punishable by imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is a Smith and Wesson, model 36, .38 caliber revolver, serial number J272867; in violation of Title 18, United States Code, Section 922 (g)(1).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Special Agent Joseph Mokos
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and subscribed in my presence, this 5th day of September, 2008.

Hon. Leo S. Papas
UNITED STATES MAGISTRATE

1



UNITED STATES OF AMERICA

V.

Ervin Allen DUCKETT

### Probable Cause Statement

### OVERT ACTS

In violation of the aforementioned statute, the following acts were committed in the Southern District of California:

1. On August 30, 2008 at approximately 1:30 a.m., San Diego Police (SDPD) Sergeant Kelso was on patrol with members of the SDPD Southeastern Division Crime Suppression Team. While on patrol, SDPD Sergeant Kelso observed a blue Cadillac Coupe bearing California license plate number 6CGZ762 (the vehicle) drive at a high rate of speed past American Legion Hall located at 47th and Market Street. Following the vehicle, SDPD Sergeant Kelso also observed that the rear license plate was not illuminated in violation of California Vehicle Code (CVC) 24601. SDPD Sergeant Kelso initiated a traffic stop in the 4700 block of Market Street, San Diego, California on the vehicle and the driver yielded in the 4600 block.

2. On approaching the driver's side door of the vehicle, SDPD Sergeant Kelso observed the driver, later identified as defendant Ervin Allen DUCKETT, rapidly open the driver's side car door and begin to face SDPD Sergeant Kelso. SDPD Sergeant Kelso ordered DUCKETT to remain in the vehicle and drew his service weapon given defendant's manner caused concern of a potential assault based on SDPD Sergeant Kelso's training, experience, knowledge of the area and observations coupled with the fact that police officers in the immediate area encountered armed individuals.

3. DUCKETT initially complied with SDPD Sergeant Kelso's order. SDPD Sergeant Kelso asked DUCKETT for his driver's license. During this exchange, DUCKETT would not comply with Sergeant Kelso's orders to stay in the car. DUCKETT would sit down in the driver's seat momentarily and then get out several times. After Sergeant Kelso asked DUCKETT for his license again, DUCKETT told him that he did not have one and provided a California identification card.

4. A records check and a driver's license status check on DUCKETT revealed that DUCKETT had a suspended or revoked driver's license. Because DUCKETT's driver's license was suspended, SDPD Sergeant Kelso along with SDPD Officer

Rodriquez, who had responded to a request for assistance, began to do an inventory of the vehicle prior to impounding the vehicle. SDPD Sergeant Kelso looked in the windows using his flashlight to illuminate the passenger compartment. SDPD Sergeant Kelso observed what appeared to be the handle of a small revolver type handgun on the rear floorboard in plain view.

5. DUCKETT was then placed under arrest by SDPD Officer Rodriquez. SDPD Officer Rodriguez retrieved the revolver inside the vehicle under the passenger seat. It was in a black nylon ankle holster and loaded with five rounds of .38 ammunition.

6. On September 3, 2008, your affiant spoke with SDPD Gang Detective J. Schaeffer. SDPD Gang Detective Schaeffer conducted a post arrest interview of DUCKETT at which time DUCKETT was admonished and agreed to talk. DUCKETT made a recorded statement in which he admitted to being in possession of the revolver for several years and that he kept the revolver in his vehicle for protection.

7. On September 3, 2008, your affiant caused an NCIC criminal history query of DUCKETT, which revealed the following convictions, at least one of which (if not more) is a crime punishable for a term of imprisonment exceeding one year:

- VC 10851 - Take Vehicle Without Owner's Consent/Theft. Sentenced on or about January 10, 1990 in California Superior Court San Diego to approximately 210 days jail, 3 years probation. On or about May 17, 1990, probation modified from approximately 210 days to approximately 365 days. On or about October 12, 1990, probation revoked and received approximately 2 years prison.

- HS 11350(A) – Possess Narcotic Controlled Substance. Sentenced on or about April 16, 1992 in California Superior Court San Diego to approximately 120 days jail, 3 years probation. On or about June 25, 1992, probation revoked and received approximately 2 years prison.

- HS 11360(A) – Sell/Furnish/Etc. Marijuana/Hash. Sentenced on or about June 1, 1993 in California Superior Court San Diego to approximately 2 years prison.

- HS 11359 – Possess Marijuana for Sale; PC 12021(A)(1) – Felon/Etc. Possess Firearm. Sentenced in California Superior Court San Diego on or about August 3, 2000 to approximately 40 months prison.

- HS 11360(A) – Sell/Furnish/Etc. Marijuana/Hash. Sentenced in California Superior Court San Diego on or about August 14, 2002 to approximately 4 years prison.

- HS 11351.5 – Poss/Purchase Cocaine Base For Sale. Sentenced in California Superior Court San Diego on or about November 8, 2005 to approximately 3 years prison.

8. Your affiant knows that, due to DUCKETT's conviction or convictions for crimes punishable for a term of imprisonment exceeding one year, DUCKETT is prohibited from possessing firearms and ammunition that have traveled in interstate commerce pursuant to Federal firearms law, Title 18, United States Code, Section 922(g)(1).

9. Your affiant has spoken with ATF Special Agent Matt Beals, a firearm and ammunition interstate nexus expert, who advised that the Smith and Wesson, model 36, .38 caliber revolver, serial number J272867 was manufactured in the state of Massachusetts or Arizona. Therefore, the Smith and Wesson, model 36, .38 caliber revolver was manufactured outside of the state of California and, at one point in time, must have traveled in interstate commerce.

10. Based upon the above information, your affiant believes probable cause exists to issue a criminal complaint to arrest Ervin Allen DUCKETT for a violation of Title 18, United States Code, Section 922(g)(1) in that, being an prohibited person, that is an individual convicted of a crime punishable by a term of imprisonment exceeding one year, DUCKETT possessed a firearm that has traveled in interstate commerce.

_____
Special Agent Joseph Mokos
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and subscribed in my presence, this 5th day of September, 2008.

_____
Hon. Leo S. Papas
UNITED STATES MAGISTRATE